4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Renaldo JOHNSON, Petitioner-Appellant,
v.
Oscar D. SHADE, Respondent-Appellee.
 No. 93-1785.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 30, 1993.
Decided Aug. 31, 1993.[1]
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In 1987, Renaldo Johnson was convicted of two counts of attempted robbery and sentenced to two 3 1/2 year consecutive terms of imprisonment. In 1989, the state sentencing judge modified the sentence, making it a three-year prison term for Count I, and on Count II, the court withheld sentence and imposed five years' probation. Johnson then violated his parole and in 1991, the court revoked his probation and sentenced him to five years' imprisonment.
 
 
 2
 Johnson appealed the five year sentence. The Wisconsin Court of Appeals affirmed; and the Wisconsin Supreme Court denied his petition for review. Johnson then filed a petition for writ of habeas corpus, arguing that the 5-year sentence on Count II was impermissibly harsher after his successful challenge to the original sentence. The district court dismissed. We AFFIRM for the reasons stated in the attached district court order.
 
 ATTACHMENT
 ORDER
 
 3
 A jury in the circuit court for Milwaukee County found Renaldo Johnson guilty of two counts of attempted robbery, party to a crime, in violation of Secs. 943.32, 939.32, and 939.05, Wisconsin Statutes. On June 4, 1987, Judge Ralph G. Gorenstein sentenced him to 4 1/2 years imprisonment on each count, with the sentences to run consecutively. In imposing the sentence, Judge Gorenstein stated that a sentence near the 5-year maximum was appropriate in part because Johnson had previously been convicted of armed robbery, when, in fact, the previous sentence was for robbery, not armed robbery.
 
 
 4
 Johnson moved to modify his sentence based on that error. On September 5, 1989, a hearing was held before Judge Laurence C. Gram. At the hearing Johnson requested probation, arguing that he had been continuing his education and wanted to be with his wife and 13-year-old son.
 
 
 5
 Judge Gram acceded to the request and attempted to structure a sentence which would result in Johnson's immediate release from prison. He gave Johnson a 3-year sentence on count I; as to count II he withheld sentence and imposed a 5-year term of probation. The judge warned Johnson:
 
 
 6
 That structures things in such a way [as] to give you an opportunity, sir.
 
 
 7
 ....
 
 
 8
 But if you blow the opportunity, it may be worse. You may end up worse off than--you understand that?
 
 
 9
 Johnson responded, "Yes, I understand that perfectly."
 
 
 10
 What Judge Gram did was to find a way to give Johnson a break, but at the same time to hold a stick over his head, attempting to ensure that Johnson not commit other crimes.
 
 
 11
 The problem is that Judge Gram may not have realized that Johnson was virtually at his mandatory release date on the original 4 1/2-year sentence on count I. He was already 334 days beyond what would have been the mandatory release date for a 3-year sentence. When Johnson was discharged from prison (officially from the new 3-year sentence), he had, in effect, served 334 days too many.
 
 
 12
 That would not have been a major problem except for the unfortunate fact that Johnson violated his probation on count II. Johnson absconded from supervision, and on April 15, 1991, Judge Gram revoked his probation and sentenced him to 5 years imprisonment. Johnson has now filed a petition here for relief under 28 U.S.C. Sec. 2254.
 
 
 13
 The argument Johnson makes is that at his resentencing, he actually received a longer sentence than he had originally received, in violation of state law. There are subparts to this argument. One is that he originally had a 4 1/2-year sentence on count II, but at resentencing, received a longer sentence, 5 years, without explanation of any new information which would allow for a longer sentence. Another part of the argument is that he should receive credit on his sentence for count II for the 334 extra days served on count I. On these issues the state says that Johnson's original sentence was actually 9 years and the resentencing resulted in an 8-year sentence; a shorter, not a longer term. The state also contends that the sentence on count I is separate from the one on count II; therefore, credit from count I cannot be applied to count II. It appears that Johnson wants to combine the sentences for purposes of crediting time served, but to separate them for purposes of evaluating sentence length. Conversely, the state wants to combine them for purposes of evaluating sentence length and separate them for purposes of crediting time served.
 
 
 14
 Respondent relies, however, on two more technical arguments: (1) that the issue of sentence credit involves questions of Wisconsin law only and is therefore not cognizable in a federal section 2254 petition, and (2) that the state court findings of fact do not support the claim that Johnson received a more severe sentence on resentencing than he had originally received. On these points, I agree with the state.
 
 
 15
 As to sentence credit, the Wisconsin Court of Appeals considered the issue and decided that under Sec. 973.155, Wisconsin Statutes, credit must be given for time "spent in custody in connection with the course of conduct for which sentence was imposed." The two counts with which Johnson was charged involved separate robberies. Johnson accrued the 334 days at issue while serving his sentence on count I. Therefore, the court concluded that credit for the time was not mandated by the statute. The Wisconsin Supreme denied review of that decision. The matter is one of Wisconsin law, and the Wisconsin courts have spoken.
 
 
 16
 The issue as to whether the sentence Johnson received upon resentencing was harsher than the one he originally received may be cognizable in a petition pursuant to section 2254. However, under section 2254(d) the findings of the state court, following a hearing, are presumed to be correct. The Wisconsin courts determined that Johnson had not received a more severe sentence upon resentencing. His total sentence upon resentencing combined with the sentence upon revocation of his probation on count II was 8 years. His original sentence was 9 years. Those findings are presumed correct. There is nothing in the record to undermine the presumption.
 
 
 17
 Furthermore, at resentencing it was clear that Judge Gram intended to give Johnson a break, structuring the sentence so that he could be immediately released. Though his mandatory release date on his original sentence on count I had nearly been reached, it seems to be overlooked here that, without resentencing, he would not have been released at that time but would have begun to serve his original sentence on count II. In placing Johnson on probation, Judge Gram warned him of the risk that he could be in worse shape if he violated his probation. That is what he did, and he then received the 5-year sentence. I see no due process violation in this scenario.
 
 
 18
 IT IS THEREFORE ORDERED that the petition of Renaldo Johnson for a writ of habeas corpus is DENIED.
 
 
 19
 Dated at Milwaukee, Wisconsin, this 19 day of March, 1993.
 
 By the Court:
 
 20
 /s/ Terence T. Evans
 
 Terence T. Evans
 Chief Judge
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record